# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **HARLEY M. BRADY,** <br> **# R-13122,** | ) <br> ) <br> ) | |
| **Plaintiff,** | ) <br> ) | |
| vs. | ) <br> ) | Case No. 17-cv-1202-JPG |
| **DR. COE, and** <br> **DR. AHMED,** | ) <br> ) <br> ) <br> ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

In *Brady v. IDOC*, Case No. 17-cv-883-NJR (S.D. Ill. Nov. 1, 2017), Plaintiff Harley Brady, an inmate in Lawrence Correctional Center, brought suit for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), four claims against Coe and Ahmed were severed from that initial action to form the basis for this action, Case No. 17-cv-1202-JPG.

This case is now before the Court for a preliminary review of those claims pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

1

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the relevant allegations in Plaintiff's Complaint, the Court concludes that two claims in this action survive threshold review.

## **The Complaint**

The allegations in Plaintiff's Complaint (Doc. 2) relevant to this severed action are as follows: Plaintiff suffers from chronic back and knee pain. (Doc. 2, p. 8). Plaintiff associates these issues with his weight (265 lbs.) and a lack of arch support. *Id.* Plaintiff has been issued a back brace and an athletic compression knee sleeve. (Doc. 2, p. 8). Plaintiff claims the braces provide insufficient support and/or do not alleviate his pain. *Id.* Plaintiff states that "Wexford staff and/or doctors" have told him he cannot return to "3rd shift dietary" because of his chronic back and knee pain. *Id.* Nonetheless, they refuse to provide him with a bottom bunk permit or appropriate work restrictions. *Id.*

Because Plaintiff does not have a bottom bunk permit, he has to climb into the top bunk. Plaintiff's knee and back issues make it very difficult for him to do this. *Id.* Climbing into the top bunk is also difficult because the bunkbeds do not include a ladder. *Id.* Accordingly, Plaintiff must use the toilet and sink in his cell to reach the top bunk. *Id.* Plaintiff has fallen

several times while attempting to climb into the top bunk. *Id.* At various times, Plaintiff has requested a bottom bunk permit from Coe, Shah (not a defendant), and Ahmed. *Id.* All of these individuals denied Plaintiff's requests, despite knowing he has fallen several times attempting to climb into the top bunk. *Id.*

On April 26, 2017, Plaintiff had a medical visit with Ahmed. (Doc. 2, p. 9). During this visit, Plaintiff asked Ahmed for joint supplements, an "actual" knee brace, and a bottom bunk permit. (Doc. 2, p. 10). With the exception of the knee brace, Plaintiff's requests were denied. *Id.* On May 6, 2017, Plaintiff was called to medical to receive his new knee brace. *Id.* Wexford medical staff attempted to give Plaintiff the knee brace; he refused it, because the new brace was another athletic compression sleeve as opposed to an "actual" knee brace. *Id.* Plaintiff asked to see Ahmed, but his request was refused. *Id.* A nurse indicated she had spoken with Ahmed and that was the brace he ordered. *Id.* Plaintiff refused the knee brace and filed a grievance. *Id.*

Plaintiff includes several additional allegations pertaining to his medical visit with Ahmed on April 26, 2017. Specifically, he alleges that he told Ahmed the pharmacist had not been refilling his medication in a timely manner. (Doc. 2, p. 9). In response, Ahmed "cut Plaintiff's medications down." *Id.* Ahmed also discontinued Plaintiff's ibuprofen prescription. *Id.* Plaintiff contends that he needs the ibuprofen for back pain, knee pain, and headaches. *Id.* Over Plaintiff's objections, Ahmed ordered Plaintiff icy-hot muscle rub for his muscle aches. *Id.* Plaintiff contends Ahmed reduced his medications and discontinued his ibuprofen as retaliation for Plaintiff's complaint about the pharmacy. *Id.* Plaintiff also states, however, that Ahmed told Plaintiff the ibuprofen had to be discontinued because of Plaintiff's liver enzyme numbers. (Doc. 2, p. 10). Plaintiff contends this cannot be a viable reason for discontinuing his ibuprofen prescription because Plaintiff sees another physician for Hepatitis-C and that doctor is not

concerned about Plaintiff's liver enzyme levels. *Id.*

Plaintiff also claims Ahmed forced him to choose between taking Tums or Pepcid for heartburn. (Doc. 2, p. 10). Plaintiff contends he needs both medications but Ahmed would only prescribe one. *Id.* Plaintiff chose tums, as a "Hobson's choice," and regrets that decision.

## Discussion

In its Severance Order (Doc. 1), the Court designated the following counts to be severed into this *pro se* action. The parties and the Court will continue to use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 9 –** Coe and Ahmed exhibited deliberate indifference to Plaintiff's knee and back issues by refusing to issue a bottom-bunk permit, despite knowing that Plaintiff has experienced several falls attempting to climb into the top bunk, in violation of the Eighth Amendment.

**Count 10 –** Ahmed exhibited deliberate indifference to Plaintiff's knee pain by providing Plaintiff with an athletic compression sleeve instead of the "actual" knee brace Plaintiff requested, in violation of the Eighth Amendment.

**Count 11 –** Ahmed retaliated against Plaintiff for complaining about the pharmacy by changing Plaintiff's medication, in violation of the First Amendment.

**Count 12 –** Ahmed exhibited deliberate indifference to Plaintiff's medical needs by forcing Plaintiff to choose between taking Tums or Pepcid.

As discussed in more detail below, Counts 9 and 11 will proceed past the threshold stage, and Counts 10 and 12 will be dismissed for failure to state a claim upon which relief may be granted.

## Count 9 – Bottom-Bunk Permit

A prison official's deliberate indifference to an inmate's health or safety may violate the Eighth Amendment's ban on cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The inmate must allege both an objective and a subjective component of the

claim. To satisfy the objective component, the alleged deprivation must be "sufficiently serious"; that is, it must expose the inmate to a "substantial risk of serious harm." *Id.* (internal quotation marks omitted). To satisfy the subjective element, the prison official must have acted with deliberate indifference to the inmate's health or safety; the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

This standard is satisfied with respect to Count 9. According to the Complaint, Coe and Ahmed failed to provide Plaintiff with a bottom bunk permit, despite being informed of Plaintiff's need for one and his multiple falls while climbing to the top bunk. These allegations support a claim of deliberate indifference under Count 9 against both defendants at this stage.

### **Counts 10 and 12 – Knee Brace and Stomach Medication**

The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *see also Gallo v. Sood*, 651 F. App'x 529, 533 (7th Cir. June 1, 2016) (claim focusing on failure to give prisoner's favored medication over medication prescribed by doctor "amounts to a disagreement over treatment, which is insufficient to show deliberate indifference."). Plaintiff complains that Ahmed ordered Plaintiff a compression sleeve for his knee despite Plaintiff's apparently unsupported belief that it would not "provide some of the needed support." Because there is no probable indication that the compression sleeve was not a reasonable measure to treat Plaintiff's knee injury, Ahmed's actions did not constitute deliberate indifference. Count 10 will be dismissed without prejudice.

For similar reasons, Count 12 will also be dismissed. Plaintiff was allowed to choose which of two antacids to take, despite Plaintiff's claimed need for both without further

5

explanation. Without more, this appears to amount to a disagreement over treatment, much like in *Gallo*. Count 12 will therefore also be dismissed without prejudice.

### Count 11 – Retaliation

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000). To state a claim of retaliation "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

Plaintiff asserts that Ahmed retaliated against him for complaining about the pharmacy by cutting his medications, including canceling his ibuprofen. Even if these allegations would not be actionable in and of themselves, if the acts were taken in retaliation for the exercise of a constitutionally protected right—in this case, Plaintiff's protected right under the First Amendment to complain about his medical care—then they are actionable under § 1983. *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (discussing *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) ("[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper.")); *see also Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (per curiam) (retaliatory transfer of a prisoner); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996) (retaliatory delay in transferring prisoner); *Cornell v. Woods*, 69 F.3d 1383, 1389 (8th Cir. 1995) (retaliatory discipline).

At issue here is whether Plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a

6

motivating factor" in Ahmed's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). This is a question that cannot be resolved at the pleadings stage of this case. Thus, Plaintiff may proceed on his retaliation claim against Ahmed at this time.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 9** shall **PROCEED** against **COE** and **AHMED**.

**IT IS FURTHER ORDERED** that **COUNT 11** shall **PROCEED** against **AHMED**.

**IT IS FURTHER ORDERED** that **COUNTS 10** and **12** are **DISMISSED** without prejudice for failure to state a claim on which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNTS 9** and **11**, the Clerk of Court shall prepare for **COE** and **AHMED**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file

or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: December 4, 2017**

*s/J. Phil Gilbert*
United States District Judge