IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HARLEY M. BRADY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-cv-1202-RJD |
| | ) |
| DR. COE and DR. AHMED, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Harley Brady filed this action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center. The undersigned filed a Report and Recommendation on October 15, 2019 (Doc. 54), recommending the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendant Dr. Coe be granted, that the Motion for Summary Judgment for Plaintiff's Failure to Exhaust His Administrative Remedies filed by Dr. Ahmed be found moot, and that Dr. Ahmed and Dr. Coe be dismissed without prejudice. Plaintiff filed objections to the Report and Recommendation on October 18, 2019 (Doc. 57), and was granted leave to file additional objections out-of-time (Doc. 65).

On December 9, 2019, with the Report and Recommendation pending, all parties consented to have a Magistrate Judge conduct all proceedings in this case. The case was referred to the undersigned in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. In light of the final consent of the parties and full referral of this matter to the undersigned, the Report and Recommendation is **ADOPTED** as the opinion of the Court. Accordingly, the

Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendant Dr. Coe (Doc. 41) is **GRANTED**; the Motion for Summary Judgment for Plaintiff's Failure to Exhaust His Administrative Remedies filed by Defendant Dr. Ahmed is **FOUND AS MOOT** (Doc. 44); and Defendants Dr. Ahmed and Dr. Coe are **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to enter judgment accordingly.

The Court, however, construes and considers Plaintiff's objections as motions to reconsider and sets forth its discussion of the objections below.

First, Plaintiff indicates he seeks to dismiss Dr. Ahmed with prejudice, rather than without prejudice. Because dismissal without prejudice for failure to exhaust administrative remedies is appropriate, the Court declines to reconsider Dr. Ahmed's dismissal and he remains dismissed without prejudice.

Next, Plaintiff contends the undersigned's decision as to Dr. Coe was based on Plaintiff's failure to perform "extra steps" that he was not obligated to take. Although not cited by Plaintiff, his argument appears to rely on the Seventh Circuit's discussion in *Thornton v. Snyder*, 428 F.3d 690 (7th Cir. 2005). The Court finds *Thornton*[1] to be distinguishable from the facts in this case. Specifically, in *Thornton*, although the Court articulated that "[t]here is nothing in the current regulatory text … that requires an inmate to file a new grievance after learning only that it will not be considered on an emergency basis", the Court noted that the plaintiff in *Thornton* had not been provided any further instruction by the prison system, and the defendants did not present any evidence as to what the relevant rules were in the prison system in such circumstance. *See*

---

[1] The Court further notes that in *Thornton*, summary judgment in favor of the defendants was reversed because the plaintiff had received the relief he requested in his grievances and, therefore, he was not required to appeal to higher channels in the process. Thus, discussion concerning what actions are required by the Illinois Administrative Code to exhaust an emergency grievance is dicta.

*Thornton*, 428 F.3d at 692-95. In this instance, Plaintiff was given clear instructions on how to proceed and failed to follow these instructions. The Court reiterates that Plaintiff was required to follow the prison's rules to properly exhaust his administrative remedies. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). The Court finds it inapposite that Plaintiff could refuse to follow the specific instructions of the warden and ARB and circumvent the intent and purpose of the PLRA to exhaust his administrative remedies.

Moreover, although this grievance mentions Dr. Coe and his refusal to address Plaintiff's knee condition, Plaintiff does not complain about Dr. Coe's denial of a low bunk permit, the issue central to his claim in this lawsuit. Indeed, Plaintiff makes no mention of a low bunk permit whatsoever in this grievance. As such, Plaintiff's grievance failed to set forth sufficient factual details of Plaintiff's complaint, as required by the Illinois Administrative Code. 20 ILCS § 504.810(c). For this reason, prison officials did not have a "fair opportunity" to address Plaintiff's complaint concerning the low bunk permit, *Maddox v. Love*, 655 F.3d 709, 713 (7th Cir. 2011), and the grievance did not alert "the prison to the nature of the wrong for which redress is sought," *Westefer v. Snyder*, 422 F.3d 570, 580 (7th Cir. 2005) (citation omitted), which is the purpose of the PLRA.

For these reasons, the Court finds no basis on which to reconsider its previous decision and Plaintiff's Motions to Reconsider are **DENIED**.

**IT IS SO ORDERED.**

**DATED: January 3, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**